FILED
SUPERIOR COURT
OF GUAM

2022 JUL -5 PM 6: 04

CLERK OF COURT

BY:

**IN THE SUPERIOR COURT OF GUAM**

IN THE MATTER OF THE ESTATE

OF

JUANITA MARIA LEON,

Deceased.

Superior Court Case No. **PR0153-20**

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S COUNTER-MOTION FOR SUMMARY JUDGMENT**

In this will contest proceeding, Richard V. Leon seeks a ruling of summary judgment on his claims of undue influence and fraud against his sister, Executrix Rosalia T. Leon Bordallo. The Court finds that genuine issues of material fact remain as to whether Richard's mother, Decedent Juanita Marie Leon, held a confidential relationship with Rosalia, whom she appointed as executor of her estate, and that Richard has not demonstrated facts to support his fraud claim. On Rosalia's counter-motion for summary judgment, the Court finds that genuine issues of material fact remain as to whether Rosalia exerted undue influence over her mother. Accordingly, Richard's motion is DENIED, and Rosalia's counter-motion for summary judgment on the issue of undue influence is DENIED.

I.     **PROCEDURAL BACKGROUND**

Rosalia petitioned to admit Juanita's 2009 Last Will and Testament to probate and for appointment as Executor of Juanita's estate. Pet. Admission of Decedent's Last Will and Testament to Probate and for Letters Testamentary (Dec. 9, 2020) ("Pet."). The Court granted Rosalia's Petition upon a finding that all notices to heirs had been provided. Order Admitting Last Will and Testament to Probate (Jan. 21, 2021). The will conveys Juanita's various personal

properties to her children and heirs but specifically conveys her Sinajana residence to Rosalia alone. Pet., Ex. B.

Months later, claiming he did not receive notice of the petition, Richard filed a will contest. V. Compl. Will Contest (May 12, 2021). Richard alleges that Juanita repeatedly stated that she signed a will conveying her residence to Richard--unlike the will submitted by Rosalia. He also contends that Juanita lacked capacity when she executed the will that Rosalia submitted. Based on these allegations, Richard contends that Rosalia used undue influence, duress, and fraud upon a frail and elderly person to obtain a will that conveys all real and personal property to herself or out of the natural course of inheritance.

Richard's complaint initiated a will contest. The Court issued a Citation and allowed the parties to engage in discovery. Citation (May 17, 2021); CVR 7.1 Form 1 (Aug. 2, 2021); CVR 7.1 Form 2 (Aug. 2, 2021). During discovery, the parties obtained deposition testimony from Rosalia, Richard, and Attorney Cynthia Ecube.

Richard then moved for summary judgment on his claims that Rosalia exerted an undue influence and committed fraud. Rosalia counter-moved for summary judgment on grounds that she did not unduly influence her mother.[1] The Court heard the motions on May 31, 2022.

## II.   **UNDISPUTED FACTS**

In 2009, at the age of 83, Juanita was still an active woman. She drove herself around and did not show any signs of mental decline. Decl. Georgette B. Concepcion, Exs. B at 18-19, 27; C at 57, 65-66 (Mar. 31, 2022). Rosalia assisted Juanita with paying her bills, though Rosalia claims that Juanita reimbursed her. Decl. Georgette B. Concepcion, Ex. C at 69. Rosalia has not

---

[1] The parties' briefs discuss the issues of notice of the probate proceeding to Richard, as well as Juanita's competency. However, at the oral argument on the motions, the parties represented that these were no longer issues for the Court's determination.

furnished documentary evidence to support her claim of reimbursement. Decl. Georgette B. Concepcion, Ex. C at 74.

Richard contends that his mom wanted to execute a will that gave her property to the Church. Decl. Georgette B. Concepcion, Ex. A at 21:13-16, 22-23. Eventually, on May 4, 2009, Juanita executed a Last Will and Testament. Pet., Ex. B. The will leaves Juanita's home to Rosalia in the event Rosalia survives Juanita for at least thirty days. If Rosalia did not survive Juanita by at least thirty days, the will conveyed the home to four other heirs, not including Richard.

Attorney Ecube drafted the will after at least three meetings with Juanita. Decl. Georgette B. Concepcion, Ex. D at 13. According to Attorney Ecube, no person other than Juanita provided instructions regarding the will. Decl. Georgette B. Concepcion, Ex. D at 27; *see also* Decl. Georgette B. Concepcion, Ex. C at 36:6-8. Also, Attorney Ecube did not provide Juanita any advice regarding a conflict of interest in conveying her home to Rosalia or a potential undue influence by her. Pl.'s Mot. Summ. J., Ex. A (Mar. 3, 2022).

Rosalia was not a witness to the will. Pet., Ex. B; Decl. Georgette B. Concepcion, Exs. C at 36:6-8, D at 27:21-23. She was not present in the room when Juanita finalized her will. Decl. Georgette B. Concepcion, Ex. D at 20.

Seven years later, in 2016, Juanita granted a power of attorney to Rosalia. Decl. Georgette B. Concepcion, Ex. A. According to Rosalia, the power of attorney allowed her to communicate with her mother's mortgage company over the terms of home insurance.

Juanita passed away in 2017 at the age of 91. Pet., Ex. A. She was a widow and had five children.

## III.    LAW AND DISCUSSION

Under Guam Rule of Civil Procedure 56(c),[2] summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summary judgment is proper only where there is no genuine "dispute as to any material fact." GRCP 56(c). The "materiality" of particular facts is determined by the pleadings and the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Finally, the Court must view the evidence and draw inferences in the light most favorable to the non-movant. *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27 ¶ 7.

### A. Undue Influence

A will may not be admitted to probate if procured as a result of an undue influence. 15 GCA § 1603. In testamentary situations, "Undue influence is pressure brought to bear directly on the testamentary act, sufficient to overcome the testator's free will, amounting in effect to coercion destroying the testator's free agency." *Rice v. Clark*, 47 P.3d 300, 304 (Cal. 2002); *In re Easton's Estate*, 35 P.2d 614, 616 (Cal. Ct. App. 1934).

A presumption of undue influence arises upon a showing that (1) the person alleged to have exerted undue influence had a confidential relationship with the testator; (2) the person actively participated in procuring the instrument's preparation or execution; and (3) the person would benefit unduly by the testamentary instrument. *In the Matter of Estate of Borja*, No. CV96-00044A, 1997 WL 208982 at *4 (D. Guam App. Div. Apr. 21, 1997); *Rice*, 47 P.3d at

---

[2] A party may seek dismissal of a will contest under the Guam Rules of Civil Procedure. 15 GCA § 1601. Although this is not a dismissal motion, the Court will apply and utilize Rule 56's procedure to this will contest.

304.[3] While persons contesting a will have the burden of proving undue influence by clear and convincing evidence, if the presumption of undue influence applies, the burden shifts to the will's proponent to demonstrate by a preponderance of the evidence the absence of undue influence. *In the Matter of Estate of Borja*, 1997 WL 208982 at *4; *Hannah*, 2020 Guam 15 ¶¶ 29-30.

### 1. In Richard's Motion, there are issues of fact as to whether Juanita and Rosalia had a confidential relationship.

Richard contends that Juanita and Rosalia were in a confidential relationship.[4] This is the first prong to demonstrate the applicability of the presumption of undue influence.

In a fiduciary or confidential relationship, the parties do not deal on equal terms--the person in whom trust and confidence are reposed and who accepts that trust and confidence is in a superior position to exert unique influence over the dependent party. *Gayle v. Hemlani*, 2000 Guam 25 ¶ 30. In family relationships, the existence of a confidential relationship is a question of fact and not presumed as a matter of law. *Hannah,* 2020 Guam 15 ¶¶ 25, 27.

Richard claims a confidential relationship was formed because Rosalia helped their mother handle her financial matters. However, when weighed against the disputed fact of whether Juanita reimbursed Rosalia (which is viewed in a light favorable to Rosalia), this one piece of evidence is not clear and convincing enough to establish as a matter of law that Rosalia was in a superior position to Juanita. The Court also takes into consideration the undisputed fact

---

[3] Both parties rely heavily on standards applicable to non-testamentary situations, such as those expressed in *Hannah v. Leon Guerrero,* 2020 Guam 15, and other cases regarding inter vivos conveyances. The Court finds the test articulated in *In the Matter of Estate of Borja*, 1997 WL 208982, and other cases involving wills to more accurately describe how to satisfy the presumption of undue influence. For the burden of proof, however, the Court abides by *Hannah's* guidance that undue influence must be proven by clear and convincing evidence. 2020 Guam 15 ¶¶ 22.

[4] Richard claims that Rosalia admitted to this confidential relationship in her deposition. Pl.'s Mot. Summ. J. at 1. However, the Court could not find any testimony to that effect in the pages the parties provided.

of Juanita's functional mental and physical capabilities. Given the evidence of her mental and physical health and evidence that Rosalia's financial assistance had been reimbursed, there are important issues of fact weighing against a finding of a confidential relationship.

To further support the existence of a confidential relationship, Richard points to the power of attorney that Juanita granted to Rosalia. However, the only power of attorney provided to this Court indicates that it was executed six years after the will. It is therefore not relevant to whether a confidential relationship existed between Juanita and Rosalia at the time of the will in 2009.

Overall, viewed in a light favorable to Rosalia, the facts provided do not demonstrate by clear and convincing evidence that a confidential relationship existed as a matter of law. This remains an issue of fact to be determined by the trier of fact.

## 2. Rosalia's Countermotion.

### a. Absent evidence of active participation by Rosalia in procuring the will, the presumption of undue influence fails to apply.

In her countermotion for summary judgment, Rosalia claims that, regardless of a confidential relationship, Richard cannot demonstrate that she exerted an undue influence. The Court understands Rosalia's argument to mean that, for the purposes of the three-part test for the presumption of undue influence, she concedes to the first prong that she had a confidential relationship with Juanita. *In the Matter of Estate of Borja*, 1997 WL 208982 at *4. The third prong--that Rosalia unduly profited from the will--is also established in that Rosalia acquired the primary asset of her mother's estate. The Court now turns to the second prong: whether Rosalia actively participated in procuring the will. *Id.*

Rosalia claims that there is no issue of fact that Juanita had full knowledge of the facts surrounding the transfer of the property, that she understood the transaction, and that Rosalia

played no part in the creation of the will. She points to the deposition of Attorney Ecube that indicates that Attorney Ecube met with Juanita alone and explained the purpose of the will, then met a few more times to finalize the will per Juanita's wishes. Rosalia also was not present in the room during the conversations between Juanita and Attorney Ecube.

In response, Richard questions why Juanita, capable of driving herself, was driven by Rosalia to Attorney Ecube's office to execute the will. However, accompanying a testator to a will signing is generally not enough to constitute "active participation." *See In re Easton's Estate*, 35 P.2d at 619 ("Nor does the single fact that one of the beneficiaries accompanied the testatrix to the bank, and another to the attorney's office, when she directed the preparation of said wills and executed the same, afford legal ground for a finding that they were products or undue influence."); *In re Lingenfelter's Estate*, 38 Cal.2d 571, 586 (en banc) (active participation cannot be inferred from the fact that a beneficiary accompanied the testator to the attorney's office in the absence of evidence that the beneficiary went there at her own instigation or request). "Active participation" requires more; for example, when a daughter drives her father to a legal clinic to have a will prepared and assists in by translating its provisions. *In the Matter of Estate of Borja*, 1997 WL 208982 at *4.

Richard also contends there was no evidence that Juanita was specifically advised of any undue influence by Rosalia and that there has been no reasonable explanation why Rosalia, among all of Juanita's children, received the primary asset of Juanita's estate. However, neither of these arguments demonstrate "active participation."

Because no material facts support Rosalia's active participation in procuring the will, no presumption of undue influence attaches. This means that, for the purposes of Rosalia's countermotion, the burden remains with Richard to demonstrate that an undue influence occurred. *Id.*

### b. There remain issues of fact as to whether Rosalia exerted an undue influence.

While it is Richard's burden to prove an undue influence occurred, the Court examines the evidence in a light favorable to him on Rosalia's countermotion. Viewed in Richard's favor, there remains circumstantial evidence that points to an undue influence. Primarily, it remains unclear why Rosalia alone--among all of Juanita's children--received the primary asset. Also unclear is why Richard is omitted as an heir to the real property in the event Rosalia did not survive Juanita. Combined with the disputed factual issues of Rosalia's role in handling Juanita's finances, there is enough evidence to support a genuine issue of material fact on Richard's claim of an undue influence.

### B. Richard fails to introduce material facts to support his claim for fraud.

Richard further moves for summary judgment on his claim of fraud. He cites the traditional elements of fraud, i.e., (1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages. *Trans Pacific Export Co. v. Oka Towers Corp.*, 2000 Guam 3 ¶ 23; Pl.'s Mot. Summ. J. at 5. "[H]owever, . . . whether fraudulent statements which might have induced the making of a will in a certain way, did actually induce it, is a question of fact.' *In re Lorenz' Estate*, 288 P.2d 578, 580 (Cal. Ct. App. 1955).

Despite his recitation of the elements of fraud, Richard does not point to any specific misrepresentations by Rosalia. The record is devoid of any evidence of statements by Rosalia to her mom concerning the will or Juanita's assets. Absent such evidence (let alone undisputed evidence), he cannot obtain summary judgment.[5]

---

[5] Rosalia does not counter-move for summary judgment on the issue of fraud.

## IV.    CONCLUSION

Having failed to demonstrate he is entitled to summary judgment on his undue influence and fraud claims, Richard's motion for summary judgment is DENIED.  Also, the Court DENIES Rosalia's countermotion for summary judgment as the undisputed facts fail to demonstrate as a matter of law that no undue influence occurred.[6]

A scheduling order for the trial on the will contest shall issue.

SO ORDERED this 5th day of July 2022.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Parties:
Cynthia V. Ecube, Esq., Law Office of Cynthia V. Ecube, P.C., for Petitioner Rosalia T. Bordallo
Georgette Bello Concepcion, Esq., Brooks Concepcion Law, P.C., for Will Contest Respondent
        Rosalia T. Bordallo
Gary Wary Francis Gumataotao, Esq., Law Office of Gumataotao & Pole, P.C., for Petitioner for
        Will Contest Richard V. Leon
Heir Christopher P. Mesa, self-represented
Heir Ashlynn Nicole Mesa aka Ashlynn Nicole Mesa Manuel, self-represented
Heir Sandra D. Leon, self-represented
Heir Linette C.L. Camacho,  self-represented

---

[6] Despite the Court's finding that the material facts did not show a disputed issue as to Rosalia's "active participation," this argument was not directly argued in Rosalia's countermotion. Accordingly, whether Richard is entitled to the presumption of undue influence (that is, whether all three prongs apply) remains an issue for trial.